In re:                                        Case No. 23-30874
                                               Chapter 11
ERICK FERNANDO CRESPO,

Debtor.

_____/

## [PROPOSED] COMBINED PLAN OF REORGANIZATION

## AND [APPROVED] [TENTATIVELY APPROVED] DISCLOSURE STATEMENT

## DATED 5-1-24

### INTRODUCTION

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: a prorata portion of $60,507.65 likely to result in a 1.7% recovery of allowed claims in monthly payments over 72 months. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than **TBD**. The court will hold a hearing on confirmation of the Plan on **TBD** at **TBD**.

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully

1

described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS
**Property to be Surrendered.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1A | FreedomRoad Financial<br>P.O. Box 3882<br>Oak Brook, IL 60522-3882<br>Acct. No. 8887<br>(POC No. 6) | 2022 Intense E-Bike Tazer MX Pro |
| 1B | Santander Consumer, USA, Inc.<br>Dba Chrysler Capital<br>P.O. Box 931278<br>Fort Worth, TX 76161-0278<br>Acct. No. 0896<br>(POC No. 2) | 2021 Dodge Ram |

Debtor will surrender the above collateral on the Effective Date of the Plan. The confirmation order will constitute an order for relief from stay. Any secured claim is satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim treated in Part 2. Creditors in these classes shall retain their interest in the collateral. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1C | Harley Davidson Credit Corp<br>Dept 15129<br>Palatine, IL 60055-5129<br>Acct. 7489<br>(POC No. 9) | 2021 Harley Davidson<br>FLTRXS Road Glide SP<br>Payments: $415.14 per month |

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                                    (Version: 7/30/12)

| 1D | Solar Mosaic, Inc.<br>Attn: Bankruptcy Dept.<br>300 Lakeside Dr., 24th FL<br>Oakland, CA 94612<br>Acct. No. 3849 | Solar Panels<br>Loan Balance: $32,711.00<br>Payments: $155.00 per month |
|---|---|---|
| 1E | US Bank National Association<br>3751 Airpark Mail<br>Code CN-KY-APDC<br>Owensboro KY 42301<br>Acct. No. 1796<br>(POC # 12) | 2018 Tesla Model X<br>Loan Balance: $17,446.88<br>Payments: $1,500.00 per month |
| 1F | Wells Fargo Bank, N.A<br>Attn: Payment Processing<br>MAC#F2302-04C<br>1 Home Campus<br>Des Moines, IA 50328<br>Acct. No. 1162<br>(POC # 7) (1st mortgage) | 127 Bridgeview Dr, San Francisco, CA 94124<br>Loan Balance: $326,841.37<br>Payments: $1,844.38 |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. The confirmation order will constitute an order for relief from stay. Creditors in these classes shall retain their interest in the collateral until paid in full. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Debtor to Strip Lien to Value of Collateral and Pay Over Time**.

| Class | **Name of Creditor** | Collateral | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| 1G[1] | Fremont Bank[2]<br>Commercial Lending<br>Special Assets Dept.<br>2580 Shea Center Dr.<br>Livermore, CA 94551<br>Acct. No. 7201<br>POC # 14<br><br>CLAIM AMOUNT:<br>$1,345,995.36 | 127 Bridgeview Dr., San Francisco, CA 94124<br><br>(2ND LOAN SBA Loan secured by all business and then personal property) | $970,000.00.<br>1st loan of $326,841.37 = Property only has 643,158.63 in equity / secured 2nd amount.[3] | 3.75% | Term: 360 months<br><br>Payment amount: $1,564.32 |

---

[1] The Debtor set a hearing on the Motion to Value Collateral for this lien on May 10, 2024, at 10:00 am. (Dkt. 49.)

3

Debtor contends that the value of the collateral is less than the amount of the claim. Before confirmation, Debtor will obtain an order from the court determining the value of the above collateral. **Debtor will pay as a secured claim the amount equal to the value of the collateral. Debtor will pay the above secured claim in full with interest from the Effective Date of the Plan through 360 equal monthly payments**. Payments will be due on the 15th day of the month, starting Effective Date. Any remaining amount due is a general unsecured claim treated in Part 2. Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). The Court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases will apply. **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

## PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS
## Class 2. General Unsecured Claims.

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| National Funding, Inc. c/o Robert Zahradka, Esq. 4380 La Jolla Village Dr. San Diego, CA 92122 (POC. No. 1) | $48,698.72 | N | $827.88 | $11.50 |
| JP Morgan Chase Bank, N.A. P.O. Box 15368 Wilmington, DE 19850 Acct. No. 2110 (POC No. 3) | $181,563.11 | N | $3,086.57 | $42.87 |

---

[2] The Debtor and this Creditor have been discussing a potential stipulation for claim treatment and if an agreement is reached, the terms of said agreement shall control in the event of any conflict between the Plan and the agreement (if approved by the Honorable Court).

[3] The related Chapter 7 business case proceeds to pay this claim (case # 24-40013, Wise Choice Transport. Co.) of approximately $305,000.00 will reduce this to around **$337,000.00 (and adjustment will be made as necessary)**

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                          (Version: 7/30/12)

| | | | | |
|---|---|---|---|---|
| JP Morgan Chase Bank, N.A.<br>P.O. Box 15368<br>Wilmington, DE 19850<br>Acct. No. 3917<br>(POC No. 4) | $19,594.52 | N | $333.11 | $4.63 |
| JP Morgan Chase Bank, N.A.<br>P.O. Box 15368<br>Wilmington, DE 19850<br>Acct. No. 7821<br>(POC No. 5) | $6,495.84 | N | $110.43 | $1.53 |
| American Express<br>National Bank<br>Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355<br>Acct. No. 1000<br>(POC No. 8) | $27,009.83 | N | $459.17 | $6.38 |
| Oscar Rosas<br>Law Office of<br>David W. Hiller, Esq.<br>4040 Civic Center Dr., #200<br>San Rafael, CA 94903<br>(POC No. 10) | $1,000,000.00 | Y | $17,000.00 | $236.12 |
| Citibank<br>Citicorp Credit Services<br>Centralized Bankruptcy<br>P.O. Box 790040<br>St. Louis, MO 63179<br>Acct. No. 9934 | $12,756.00 | N | $216.86 | $5.32 |
| Indinero<br>440 N. Barranca Ave.,<br>Suite 4637<br>Covina, CA 91723 | $2,700.00 | N | $135.00 | $3.01 |
| National Funding<br>4380 La Jolla Village Dr.<br>San Diego, CA 92122 | $48,699.00 | N | $827.88 | $11.50 |
| Norma Cristina Verduzco<br>c/o Vinod Nachani<br>111 N. Market St., Ste 300<br>San Jose, CA 95113 | $1,500,000.00 | Y | $25,500.00 | $354.17 |

| | | | | |
|---|---|---|---|---|
| Amerigas<br>P.O. Box 45264<br>Westlake, OH 44145 | $0.00[4] | N | $0.00 | $0.00 |
| Anderson, Poole & Couche<br>150 Post Street<br>San Francisco, CA 94108 | $0.00 | N | $0.00 | $0.00 |
| Blue Triton Brands, Inc.<br>6661 Dixie Hwy, Suite 4<br>Louisville, KY 40258 | $0.00 | N | $0.00 | $0.00 |
| Comcast<br>P.O. Box 60533<br>City of Industry, CA 91716 | $0.00 | N | $0.00 | $0.00 |
| Darrell Leon<br>76 Hawkins St.<br>Hollister, CA 95023 | $0.00 | N | $0.00 | $0.00 |
| Diamond<br>1505 N. 4th St.<br>San Jose, CA 95112 | $0.00 | N | $0.00 | $0.00 |
| Employment Development<br>Department<br>P.O. box 826880<br>Sacramento, CA 94380 | $0.00 | N | $0.00 | $0.00 |
| First Insurance Funding<br>1300 Quail St., suite 205<br>Newport Beach, CA 9266 | $0.00 | N | $0.00 | $0.00 |
| Forward Financing<br>53 State St., 20th Floor<br>Boston, MA 02109 | $0.00 | N | $0.00 | $0.00 |
| Franchise Tax Board<br>P.O. Box 2952<br>Sacramento, CA 95812 | $0.00 | N | $0.00 | $0.00 |

---

[4] This claim is listed as $0.00 owed as well as several other creditors in Class 2 as indicated above. This is because the Debtor's related case for his former business, Wise Choice Trans Corp (Ch. 7 Case # 24-40013), is the borrower / debtor for these debts, but in the event any of these creditors believe that the Debtor is responsible personally, they were provided notice of this Chapter 11. The Debtor has gone through the claims register as general claims were due 4-22-24 and included all creditors that timely filed claims as well as listed all from the filed Schedules in this case.

6

| | | | | |
|---|---|---|---|---|
| Jamie C. Couche<br>Dudnick Detwiler et. al<br>235 Montgomery St., Suite 630<br>San Francisco, CA 94108 | $0.00 | N | $0.00 | $0.00 |
| Jose Montes<br>c/o Parviz Darabi<br>500 Airport Blvd., Suite 410<br>Burlingame, CA 94010 | $0.00 | N | $0.00 | $0.00 |
| Julie C. Emerson<br>1855 Hamilton Ave., suite 200<br>San Jose, CA 95125 | $0.00 | N | $0.00 | $0.00 |
| Lewis & Brisbois<br>45 Fremont St., Suite 300<br>San Francisco, CA 94105 | $0.00 | N | $0.00 | $0.00 |
| National General<br>P.O. Box 89431<br>Cleveland, OH 4410 | $0.00 | N | $0.00 | $0.00 |
| OnDeck<br>4700 W. Daybreak Pkwy.,<br>Suite 200<br>South Jordan, UT 84009 | $0.00 | N | $0.00 | $0.00 |
| PG&E<br>P.O Box 997300<br>Sacramento, CA 95899 | $0.00 | N | $0.00 | $0.00 |
| Propella Capital, LLC<br>1820 Avenue M, #432<br>Brooklyn, NY 11230 | $0.00 | N | $0.00 | $0.00 |
| Republic Services<br>c/o Coast to Coast Financial<br>101 Hodencamp Rd., Suite 120<br>Thousand Oaks, CA 91360 | $0.00 | N | $0.00 | $0.00 |
| Ryder<br>24 East Fourth St.,<br>Sioux City, IA 51101 | $0.00 | N | $0.00 | $0.00 |
| Samsara<br>1 DeHaro St.,<br>San Francisco, CA 94103 | $0.00 | N | $0.00 | $0.00 |

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                     (Version: 7/30/12)

Case: 23-30874    Doc# 52    Filed: 05/01/24    Entered: 05/01/24 15:42:59    Page 7 of 22

| | | | | |
|---|---|---|---|---|
| San Jose Forklift<br>888 Stockton Ave.,<br>San Jose, CA 95110 | $0.00 | N | $0.00 | $0.00 |
| Sumy Kim<br>O'Hagen Meyer, LLP<br>One Embarcadero Center<br>Suite 2100<br>San Francisco, CA 94111 | $0.00 | N | $0.00 | $0.00 |
| Sutter Health<br>CPMC Mission Bernal Hospital<br>P.O Box 278450<br>Sacramento, CA 95827<br>Acct. No. 7435 | $2,519.00 | N | $42.83 | $0.60 |
| TLF (East Bay), LLC<br>c/o CBRE<br>1111 Broadway, suite 1850<br>Oakland, CA 94607 | $0.00 | N | $0.00 | $0.00 |
| Verizon<br>500 Technology Dr., suite 550<br>Saint Charles, MO 63304 | $0.00 | N | $0.00 | $0.00 |
| Volli<br>790 Windmiller Dr.<br>Pickerington, OH 43147 | $0.00 | N | $0.00 | $0.00 |
| Wakimoto Management<br>172 98th Ave.<br>Oakland, CA 94603 | $0.00 | N | $0.00 | $0.00 |
| Worker's Comp<br>701 B St., Suite 2100<br>San Diego, CA92101 | $0.00 | N | $0.00 | $0.00 |
| Fremont Bank<br>c/o Eric A. Nyberg<br>1970 Broadway, Suite 600<br>Oakland, CA 94612<br><br>(Unsecured portion of claim at Class 1G) | $703,995.36[5] | N | $11,967.92 | $166.22 |

---

[5] This Creditor's claim amount started at $1,345,995.36. They were then paid $305,000.00 in the Debtor's related business case which reduced this claim to $1,040,995.36. The Debtor is offering to pay this claim as secured claim as indicated in Class 1G at $337,000.00, so we subtract this

8

Case: 23-30874   Doc# 52   Filed: 05/01/24   Entered: 05/01/24 15:42:59   Page 8 of 22

| Total | $3,554,031.38 | | $60,507.65 | $843.85 |
|---|---|---|---|---|

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Pot Plan.** Creditors will receive a pro-rata share of a fund totaling $60,507.65, created by Debtor's payment of $843.85 per month for a period of 72 months, starting Effective Date. Pro-rata means the entire amount of the fund divided by the entire amount owed to creditors with allowed claims in this class.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**

(a) <u>Professional Fees</u>. Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Farsad Law Office, P.C. | $25,000.00 |

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due. Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| United States Trustee | $650.00 |

(c) <u>Tax Claims</u>. Debtor will pay allowed claims entitled to priority under section 507(a)(8) in

---

amount as well and we have $703,995.36 remaining as a general unsecured claim to be paid in Class 2. Note: adjustments will be made as needed per what the creditor actually receives from the Chapter 7 Trustee in the Wise Choice Trans Corp case.

full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made monthly, due on the1st day of the month, starting on the Plan's Effective Date. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments. Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

**PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| **<u>NONE</u>** | NONE | NONE | NONE | NONE |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| **<u>NONE</u>** | NONE |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed **<u>rejected</u>**.

10

## PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts  until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.  Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan.  Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                                              (Version: 7/30/12)

pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.


## PART 7: GENERAL PROVISIONS

(a) <u>Effective Date of Plan</u>.  The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>.  Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim.  Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>.  Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other

provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) <u>Lawsuits</u>. Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|-------|-------------|-----------------|-----------------|-----------------------------------|
| **<u>NONE</u>** | | | | |

(g) <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Farsad Law Office, P.C.
1625 The Alameda, Suite 525
San Jose, CA 95126

Erick Fernando Crespo
127 Bridgeview Dr.,
San Francisco, CA 94124

(h) <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) <u>Deadline for § 1111(b) Election</u>. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: May 1, 2024

    _/s/ Erick Fernando Crespo_
Debtor

_____
Debtor

    _/s/ Arasto Farsad_
Attorney for Debtor

13

**Attorney Certification**

  I, **Arasto Farsad**, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

  The following provisions of the Standard-Form Plan have been altered or otherwise modified.

**<u>NONE</u>**

  I declare that the foregoing is true and correct.  Executed this 1st day of May 2024.

*/s/ Arasto Farsad*
Attorneys for Debtor

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024
               (Version: 7/30/12)

**Exhibit 1 - Events That Led To Bankruptcy**

On December 23, 2023, the Debtor filed the instant case to deal with significant debt that he personally owes after his large-scale trucking business, Wise Choice Trans Corp., needed to file bankruptcy (Chapter 7 case # 24-40013, filed on January 4, 2024, Northern District of CA). This included a significant amount of secured and unsecured debt as well as some pending lawsuits.

The Debtor unfortunately signed personal guarantees for some of the debts owed, and is being sued personally as well, and so he needed to file a personal bankruptcy to deal with this. As for why a Chapter 11? The SBA (via Fremont Bank, Commercial Lending) has a large secured lien that extended to the business's trucks and equipment, as well as the Debtor's personal assets, including his sole piece of real property / his home in San Francisco. The Debtor was in no position (and still isn't) to be able to propose a 5 year repayment plan for the secured amount of debt owed even though said lien would be reduced by an auction of the former business assets, and because the Debtor's home does not have that much equity.

The Debtor is working on obtaining gainful regular employment (he's currently on disability) and has some family support that will be used to propose a reasonable plan of reorganization in this case.

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                                                    (Version: 7/30/12)

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 127 Bridgeview Dr., San Francisco, CA 94124

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $970,000.00 | 1st Wells Fargo Bank, N.A. $332,219.00 | $67,900.00 | $0.00 | $0.00 | $0.00 |
| | 2nd Fremont Bank, Commercial Lending $1,350,000.00 | | | | |
| | 3rd | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash / Financial Accounts | $12,000.00 | $0.00 | $0.00 | $12,000.00 |
| Automobile #1 2018 Tesla Model X | $47,899.00 | $23,391.00 | $24.508.00 | $0.00 |
| Automobile #2 2021 Harley Davidson | $17,377.65 | $17,377.65 | $0.00 | $0.00 |
| Automobile #3 2021 Dodge Ram **(Surrendered in Class 1B)** | $32,119.00 | $40,134.16 | $0.00 | $0.00 |
| 2023 Intense Tazer E-Bike **(Surrendered in Class 1A)** | $2,000.00 | $6,284.00 | $0.00 | $0.00 |
| Household Furnishings | $3,500.00 | $0.00 | $3,500.00 | $0.00 |
| Jewelry | $1,800.00 | $0.00 | $1,800.00 | $0.00 |
| Equipment (Sports) Electronics | $750.00 $1,500.00 | $0.00 $0.00 | $750.00 $1,500.00 | $0.00 $0.00 |

16

Case: 23-30874   Doc# 52   Filed: 05/01/24   Entered: 05/01/24 15:42:59   Page 16 of 22

| | | | | |
|---|---|---|---|---|
| Stocks / Investments:<br>E-trade Account<br>Robinhood Account<br>401(k) Retirement acct. | $21,178.00<br>$9,174.00<br>$209,542.00 | $0.00<br>$0.00 | $3,601.00<br>$0.00<br>$209,542.00 | $17,577.00<br>$9,174.00<br>$0.00 |
| Other Personal Property:<br>2 Peter Lik Prints<br>2 Guns (Glock 21, S&W)<br>Clothing<br>1 Dog<br>2023 Tax Refund (Est.)<br>Inheritance | $8,000.00<br>$1,400.00<br>$1,500.00<br>$50.00<br>$25,000.00<br>$1,200.00 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | $8,000.00<br>$1,400.00<br>$1,500.00<br>$50.00<br>$11,640.00<br>$0.00 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,360.00<br>$1,200.00 |
| TOTAL | | | | $53,311.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $53,311.00 |
| Recovery from Preferences / Fraudulent Conveyances                    [ADD] | $0.00 |
| Chapter 7 Administrative Claims                                [SUBTRACT] | $0.00 |
| Chapter 11 Administrative Claims                               [SUBTRACT] | $25,000.00 |
| Priority Claims                                                [SUBTRACT] | $0.00 |
| Chapter 7 Trustee Fees                                         [SUBTRACT] | $6,541.20 |
| Chapter 7 Trustee's Professionals (estimated)                  [SUBTRACT] | $3,000.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $41,269.80 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $3,554,031.38 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 1.7% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 1.2% |

**Exhibit 3 - Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Gross Employment Income | NONE |

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                              (Version: 7/30/12)

| Gross Business Income | NONE |
|---|---|
| Disability | $6,480.00 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | N/A |
| Family Support / Rental income[6] | $4,000.00 |
| **A. Total Monthly Income** | $10,480.00 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | $0.00 |
| Retirement Contributions (401k, IRA, PSP) | $0.00 |
| Shelter Expenses<br>Class 1F – Wells Fargo Bank, N.A. (1st Loan)<br>Class 1G – Fremont Bank (2nd Loan, see Class 1G)<br>Property Taxes<br>Insurance<br>Utilities<br>Maintenance<br>Phone / Cable / Internet<br>Class 1E -- Solar Mosaic Solar Panels | $1,844.38<br>$1,564.32<br>$817.73<br>$200.00<br>$185.00<br>$100.00<br>$425.00<br>$155.00 |
| Household Expenses (Food) | $850.00 |
| Transportation Expenses (insurance, fuel)<br>Class 1D – Harley Davidson<br>Class 1F – Tesla | $966.00<br>$415.14<br>$1,500.00 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | $200.00 |
| Alimony / Child Support | $0.00 |
| Other Expenses:<br>Life Insurance | $235.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | N/A |
| **B. Total Monthly Expenses** | $9,457.57 |

| **C. Disposable Income** (Line A - Line B) | $1,022.43 |
|---|---|

---

[6] Rental income to begin September 1, 2024

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                                    (Version: 7/30/12)

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | $0.00 |
| Priority Claims | $0.00 |
| General Unsecured Creditors | $843.85 |
| | |
| **D. Total Plan Payments** | $843.85 |

| | |
|---|---|
| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $178.58 |

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                                                          (Version: 7/30/12)

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | | $12,000.00 |
|   Payments on Effective Date | | |
|     Class 1C -- Harley Davidson<br>    Class 1D -- Solar Mosaic<br>    Class 1F -- Wells Fargo Bank, N.A. (1st Loan)<br>    Class 1G -- Fremont Bank (SBA / 2nd Loan)<br>    Class 2 -- General Unsecured Creditors | $1,500.00<br>$155.00<br>$1,844.38<br>$1,564.32<br>$2,961.70 | |
| Administrative Expense Claims<br>(None to be paid on the Effective Date / only after a Court order) | NONE | |
|   Priority Claims | NONE | |
|   Small Claims (Class 2(a)) | NONE | |
|   U.S. Trustee Fees | $650.00 | |
| B. Total Payments on Effective Date | | $3,324.60 |
| **C. Net Cash on Effective Date** (Line A - Line B)<br>(Not feasible if less than zero) | | |

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                         (Version: 7/30/12)

**Exhibit 5 - Investment Property Analysis**


**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: NOT APPLICABLE

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

[Add additional tables for additional real property]

Real Property #2 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

| A. Total Positive Cash Flow | |
|---|---|
| | |


**Properties with Negative Monthly Cash-Flow:**

Real Property #3 Income: NOT APPLICABLE

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

Real Property #4 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                      (Version: 7/30/12)

| | |
|---|---|
| 2nd | |
| 3rd | |

| **B. Total Negative Cash Flow** | |
|---|---|

Individual Chapter 11
Combined Plan & Disclosure Statement
May 1, 2024                                    (Version: 7/30/12)